In the Matter of the ATTORNEY-GENERAL OF THE STATE OF NEW YORK *v.* THE GUARDIAN MUTUAL LIFE INSURANCE COMPANY.

At the time of the appointment of a receiver of an insolvent life insurance company, certain policies were running upon which premiums had been paid to some time subsequent to that date ; the receiver gave notice that he would receive no more premiums ; the persons insured died after the times to which premiums had been paid ; the referee allowed the claims on these policies. *Held*, no error ; that further payments of premiums were excused by the failure of the company, as well as by the express

notice of the receiver; also, that the claimants were entitled each to be allowed the present value of the policy at the time of the dissolution of the company and the appointment of the receiver, deducting the amount of premiums unpaid at the time of death.

(Submitted October 5, 1880 ; decided October 12, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of the Special Term, confirming the report of the referee to whom it was referred, to pass upon the validity of claims against said The Guardian Mutual Life Insurance Company, so far as said report allowed certain death claims, which are sufficiently described in the opinion.

*Raphael J. Moses, Jr.,* for appellant. The rights of a policy-holder against a company whose action has prevented his performance of his part of the contract differ from those of one in a company which has been dissolved. (*Lancaster Case,* 78, 89 ; *Un. Central Life* v. *Poettker,* 4 Am. L. R. 109 ; *Kennedy Case,* Cairn's Dec. 7.) The contract of insurance is not only an entire contract in itself, but involves the supposition of a company insuring others so as to make each risk subject to the general average. (*Statheimer* v. *N. Y. Life,* 5 Ins. L. J., § 70 ; *Comm.* v. *Mass. Ins. Co.,* 119 Mass. 51 ; *Mayer* v. *Attorney-General,* 3 N. J. L. J. 243.)

*Rufus W. Peckham* for receiver, respondent. The status of the policies is to be looked at as of the date of the dissolution of the company. (*People* v. *Sec. L. Ins. Co.,* 78 N. Y. 114, 129.)

*William Barnes* for policy-holders, respondents. In all cases of death losses happening before the referee's report, the contingency having been reduced to a certainty, it is not necessary to base calculations on probabilities. (*People* v. *Sec. L. Ins. Co.,* 78 N. Y. 114.)

*Geo. H. McAdam* for policy-holders, respondents. The failure of the company was a breach of the policy contract,

which waived the performance of the terms of the contract upon the part of the policy-holders, and in law such waiver was equivalent to payment. (*Blewett* v. *Baker*, 58 N. Y. 611; *Peyster* v. *Pulver*, 3 Barb. 284; *Young* v. *Hunter*, 6 N. Y. 203; *In re Security Life Ins. Co.*, 7 Abb. N. C.; *In re Albert Life* [*Cook's Case*], L. R., 9 Eq. 703.) By the failure, the company became unable to fulfill its contract, and thereby released the policy-holder from his obligation to pay premiums. (*Shaw* v. *Republic Life Ins. Co.*, 69 N. Y. 286; *Hayner* v. *Am. Pop. Life Ins. Co.*, id. 435; *Leslie* v. *Knickerbocker Life Ins. Co.*, 63 id. 27; *Meyer* v. *Knickerbocker Life Ins. Co.*, 73 id. 516.) The death of the insured is a fact before the referee and before the court, which dispenses with and forbids the application of tables of probability to the length of life, and speculations as to what other companies might do to secure the risk. (*Craig's Case*, L. R., 9 Eq. 706; *Holdrich's Case*, L. R., 14 Eq. 72; *S. C.*, Big. Life and Acc. 272; *Bell's Case*, L. R., 9 Eq. 706; *Kellock's Case*, 3 Ch. App. 769; Pamphlet, "Supplement to the Law of Life Assurance," p. 19, London, 1870.) The amount payable is discounted back to the date of the receiver's appointment. (*Guy* v. *Globe Ins. Co.*, Ins. L. J., June, 1880, p. 470.)

*William D. Whiting* for Adolph L. Miller, assignee, etc., respondent. When death has occurred before the premium runs out the policy rates as a death claim. (*People* v. *Sec. L. Ins. Co.*, 78 N. Y. 115.)

EARL, J. The respondents represent claims upon policies which were running at the date of the appointment of the receiver, and upon which premiums had been paid to some time subsequent to such date. The persons insured by such policies died subsequent to the appointment of the receiver not only, but subsequent also to the time to which premiums had been paid, and in the latter respect these claims differ from that upon the Lockwood policy in the case of *People* v. *The Security Life Ins. & Ann. Co.* (78 N. Y. 129). It is contended

that these claims are not within the principles laid down by us in that case, because of the difference mentioned. We think otherwise. These policies were in full force at the time when the insured persons died.

The further payments of premiums were excused by the failure of the company, as well as by the express notice of the receiver that he would receive no more premiums. For the purpose of enforcement the policies were just as effectual as if the premiums had been actually paid. These are not, properly speaking, death claims, but claims for damages upon policies running at the appointment of the receiver; and the rules laid down in the case cited furnish an accurate and just basis for the computation of such damages, the only difference between these claims and that upon the Lockwood policy being that here deductions from the sums which would otherwise be allowable should be made for the amounts of premiums unpaid at the time of the deaths. Such deductions were doubtless made, as no complaint has been made here that they were not.

The order should be affirmed, with costs of the receiver out of the fund.

All concur.

Judgment affirmed.