In the Matter of THE ATTORNEY-GENERAL *v.* THE CONTINENTAL LIFE INSURANCE COMPANY.

Where, after the expiration of the time specified in the published notice for the presentation of claims to a receiver of an insolvent life insurance company, certain policy-holders, whose claims had been presented and allowed, died, *held,* that the court had power to direct a revaluation of such policies, and the exercise of this power was within its discretion; and that therefore an order denying an application for such a revaluation on the ground solely of lack of power was error.

(Argued January 31, 1882 ; decided February 10, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made September 20, 1882, which affirmed an order of Special Term, denying, "not as a matter of discretion resting with the court, but on the ground of lack of power," a motion for a revaluation of certain policies where the insured had died· after the presentation and allowance of their claims. ·

The material facts are stated in the opinion.

*William Barnes* for appellants. The court had power to direct a revaluation of the policies· of the policy-holders who had died. (*In re People by Atty.-Genl.* v. *Security L. Ins. & An. Co.,* 79 N. Y. 267, 272 ; 78 id. 114, 115 ; *Atty.-Genl.* v. *N. Am. L. Ins. Co.,* 82 id. 194, 195 ; *Guy* v. *Globe Ins. Co.,* Ins. L. J., June, 1880, p. 470 ; *In re Newland,* 9 Nat. Bk. Reg. 62 ; U. S. R. S. 984; *Holdrich's Case,* L. R., 14 Eq. Cas. 82, 84; L. R., 9 Eq. Cas. 706–720; *Potts* v. *Smith,* 8 id. 683.)

*Lucius McAdam* for appellants.   The court·had power to order a revaluation of the policies of holders who died prior to June 16, 1879.    (*Atty.-Genl.* v. *Guardian Life,* 82 N. Y. 336; *Reese* v. *Smyth,* Gen. Term of 2d. Dep.; *Craig's Case,* L. R., 9 Eq. 706; *Holdrich's Case,* L. R., 14 Eq. 72; *Bell's Case,* L. R., 9 Eq. 706; *People* v. *Security Life,* 78 N. Y. 125; *Clark* v. *Hall,* 7 Paige, 382; *Sprague* v. *Jones,* 9 id. 395; *People* v. *Security Life,* 79 N. Y. 267; *Atty.-Genl.* v. *North Am. Life Ins. Co.,* 82 id. 172; *Newland's Case,* 9 Bankr. Reg. 62.)

*A. C. Andrews* for respondent.   The delays of the law do not affect the rights of litigants.   (*Clapp* v. *Graves,* 2 Hilt. 318; Broom's Legal Maxims, p. 94, marg. 123.)   The court properly·denied the application for a revaluation.   (*In the Matter of The People* v. *Security Life Ins. Co.,* 78 N. Y. 114, 129, 130; *Bell's Case,* L. R., 9 Eq. Cas. 706, 720; *Holdrich's Case,* L. R., 14 Eq. Cas. 72; *Kellogg's Case,* L. R., 3 Ch. App. 769, 779; 82 N. Y. 195, 336; *Atty.-Genl.* v. *North Am. Life Ins. Co.,* id. 188.)   The present .application, being for permission to file an entirely new claim, arising out of circumstances occurring after the date within which claims were re- ·quired to be presented, which not being ascertainable, must be considered as not existing, is made too late.   (Broom's Legal Maxims, p. 125, marg. p. 163.)

EARL, J.   A receiver of the insurance company defendant was appointed October 25, 1876, and the values of all policies then running were required to be estimated as of that date. . An order was obtained of the Supreme Court by the receiver requiring the creditors to present their claims within six months from the date of the first publication of the notice of the order, and also appointing a referee to take proofs of·claims.   The notice was published and the time limited for the presentation of claims expired on the 16th of June, 1879.   Before the ex- piration of that date certain persons holding running policies presented their policies for valuation and their claims were

established and allowed, under rules applied to such cases. Subsequently to the 16th of June, 1879, the persons insured by such policies died, and then application was made to the court at Special Term to have such policies revalued so that the claimants under them could have the enhanced values which they would be able to establish in consequence of the deaths. The motion at Special Term was denied, as stated in the order there made, "not as matter of discretion resting with the court, but upon the ground of a lack of power in the court to admit any claims as death losses when the death occurred after. the 16th of June, 1879." From that order the claimants appealed to the General Term, and from affirmance there to this court.

In cases of this character, of claims against the receiver, or the funds, which are frequently very numerous and scattered over a broad territory, it is necessary that some time should be limited within which the claims should be presented; otherwise an insolvent estate and the receiver's accounts could never be closed up and settled. In a case like this it is conceded that the time may be limited by an order of the court ordering a notice to be published to creditors requiring their claims to be presented within a reasonable time, not less than six months from the first publication of the order. The court may absolutely require that all claims shall be presented within the time limited in the notice or be barred. The only limit to the discretion of the court is the statutory limit that the notice must be one of at least six months; all else is within the discretion of the court. If by accident, inadvertence or mistake a claimant fails to present his claim within the six months the court may, upon application to it, still permit the claim to be presented. This was held in the case of *The People, ex rel. The Attorney-General*, v. *The Security Life Ins. and Annuity Co.* (79 N. Y. 267). So too, if a claim has been once presented and disallowed, or allowed for too much or too little, the court may, upon application, in its discretion, again open the matter and authorize or order a rehearing, even after the expiration of the time limited by the notice. The court has jurisdiction of the entire

subject, and may control all the proceedings until all the claims have been established and the fund finally distributed.

These policy-holders had presented their claims and they had been allowed before the 16th of June, 1879. The court had the power to deny their application for a revaluation based upon the facts subsequently appearing or occurring, and it had the power to grant the application, if, in the exercise of its discretion, it deemed it just and proper that the application should be granted. There must be a period of time when the court may close all further investigation into or allowance of claims, when all claims upon the funds to be distributed must be deemed established, and when the court can refuse to permit claims to be altered or changed. If the court did not possess this power great embarrassment and delay would attend the closing up of insolvent corporations and estates. It is a power to be exercised in view of all the circumstances. These claimants are not death claimants. (*Attorney-General* v. *The Guardian Mutual Life Insurance Co.*, 82 N. Y. 336.) All that they can claim is the value of their policies estimated as of the date when the receiver was appointed; but in consequence of the deaths of the insured the actual values of the policies can be accurately determined. Here, after the 16th of June, the basis existed which made it possible for the claimants to prove accurately the values of their policies, and they could thus show them to be more valuable than they were estimated to be as running policies prior to that date.

Whether there should be a rehearing upon these claims upon the new proofs which the claimants were able to give rested in the discretion of the court. Nothing in conflict with these views has been decided in any case that has been before this court. In *People* v. *The Security Life Insurance and Annuity Company* (78 N. Y. 114) we held that where a death occurred subsequently to the date of the appointment of the receiver, but within the time to which the premiums had been paid, the fact of death could be considered in estimating the value of the policy at such date. *In the Matter of the Attorney-General* v. *The Guardian Mutual Life Ins. Co.* (*supra*),

the death occurred subsequently to the time to which premiums had been paid, and our holding was the same. In both of those cases the claims were presented before the expiration of the time limited for the presentation of claims. But we did not hold that the court could not permit claims to be presented after such time.

But the Supreme Court at Special Term did not exercise its discretion in the matter, and denied the application for want of power, and that order was affirmed at the General Term, and thus it turns out that the Supreme Court has not exercised the discretion which we hold it possesses and ought to exercise. We do not, however, mean to intimate any opinion that the application in this case ought to have been granted by the court in the exercise of its discretion. These claims were not within the terms of the order made by the Supreme Court January 17, 1880, extending the time for the presentation of certain claims to May 17, 1880. At least it was the province of the Supreme Court to construe the meaning and purview of its own order, and we cannot say that it erred in holding that that order did not aid these claimants.

The orders of the General and the Special Terms should, therefore, be reversed, and the matter remanded to the Special Term to the end that it may exercise its discretion upon the application made to it, costs of the appellants in this court to be paid by the receiver out of the funds.

All concur.

Ordered accordingly.