## SUPREME COURT.

In the Matter of the ATTORNEY-GENERAL agt. THE CONTINENTAL LIFE INSURANCE COMPANY.

*Insurance (Life) — Receiver of insolvent company — How damages upon policies should be computed — Revaluation of policies not to be allowed because of subsequent death.*

Where a receiver was appointed in a proceeding, instituted by the attorney-general, pursuant to chapter 463 of the Laws of 1853, for the purpose of dissolving an insolvent insurance company and distributing its assets, and by an order of the court the day was fixed (June 15, 1879), before which time the creditors of this corporation were required to file their claims. The claims represented by these motions were presented to the receiver prior to June 16, 1879. They were all at that time running policies, and were valued as such in the declaration and payment of a cash dividend, which was ordered by this court October 8, 1879.

Between June 16, 1879, and January 1, 1881, the holders of these policies died, and on the eighth day of January of the latter year a motion was made for their revaluation because of such death:

*Held,* that the damages of every policy of insurance should be computed according to the facts as they existed upon the last day of presentation of claims to the receiver, and that in the exercise of a sound discretion the court should not take into consideration the fact that death had subsequently occurred in making such computation.

*Held,* further, that when the policies had been valued, and a dividend made which was ascertained and computed upon the facts as they existed on the day when claims were required to be presented, they should not again be revalued because a death had since occurred.

*Albany Special Term, March,* 1882.

MOTION in behalf of sundry policyholders to revalue policies.

*Lucius McAdams,* moves in behalf of some.

*William Barnes,* moves in behalf of others.

*Raphael J. Moses, Jr.,* also moves to the same effect.

*George W. Wingate,* for the receiver, opposes.

*Leslie W. Russell,* attorney-general, and *John C. Keeler,* deputy attorney-general, also oppose.

WESTBROOK, *J.* — The present receiver, John P. O'Neil, was appointed March 31, 1877, in a proceeding instituted by the attorney-general, pursuant to chapter 463 of the Laws of 1853. Previous to such appointment, Mr. John J. Anderson, and subsequently, upon the resignation of Anderson, Mr. William R. Grace had been appointed receiver in an action commenced in the second district by John O. Hoyt, a stockholder in the corporation, for the purpose of dissolving it and distributing its assets. The history of that suit and of the proceeding of the attorney-general was given in a recent

opinion (upon the motion of the attorney-general to file exceptions to the report of the referee upon the Anderson claim), and is also contained in that written upon the attorney-general's application to appoint a receiver, which latter opinion is reported in 53 *Howard* (*page* 16).

After some delay, and on the 10th day of July, 1877, Mr. Grace surrendered the assets of the company to Mr. O'Neil, the appointee in the attorney-general's proceeding, who then entered upon the discharge of the duties of his trust.

By order of the court, made November 29, 1879, the creditors of the corporation were required to file their claims on or before June 15, 1879, and subsequently, as the policyholders of the company were very numerous (there were over 23,000) and widely scattered, parties who had not presented their claims were allowed, under certain circumstances, to present them *nunc pro tunc* prior to April 4, 1881.

The claims represented by this motion were presented to the receiver prior to June 16, 1879. They were all at that time running policies, and were valued as such in the declaration and payment of a cash dividend of fifteen per cent, which was ordered by this court October 8, 1879.

Between June 16, 1879, and January 1, 1881, the holders of the policies which these motions concern, died, and on the eighth day of January of the latter year, a motion was made for their revaluation because of such deaths.

The question presented was not free from difficulty. There would seem to be an imperative need that a date should be fixed and established, as of which all policies should be valued, for without it the task of a receiver could never be completed. My own inclination was to fix that date as of the day when the corporation passed into the hands of a receiver. It was then that the cause of action upon running policies accrued, and it seemed to me just to compute the damages due to each by the condition of facts then existing, and that no subsequent occurring event (death for instance) should be considered. In the case, however, of *The People* agt. *The Security Life*

*Insurance Company* (78 *N. Y.*, 114; *see page* 130) the court of appeals had held that there was "no embarrassment in allowing the values of policies to be computed" upon the basis of death "when the death occurs and the proofs of death are furnished at any time before the expiration of the time for presenting claims." Acting upon this decision, the court at special term, recognizing the necessity of the establishment of a day on which, according as the facts then existed, the loss to every policyholder should be computed, and the injustice which a departure therefrom might work to the holders of policies as to which death had not occurred, but which might occur in a very short time thereafter, held that the damages upon every policy of insurance should be computed according to the facts as they existed on the last day for presentation of claims to the receiver; and that as matter of law the court could not take into consideration the fact that death had subsequently occurred in making such computation.

Upon appeal to the general term of this court the order of the special term was affirmed, but the court of appeals has reversed both the special and the general term, and the original motion for revaluation of policies is now renewed. If, as was claimed by counsel for the motion upon the argument, the court of appeals have held that the relief asked should be granted, it would be alike the duty and the pleasure of the special term to award it. A careful consideration, however, of the opinion of the court of last resort as pronounced by judge EARLE, leads me to the conclusion exactly opposite to that of the counsel, and to such opinion attention is now directed.

Judge EARL says: "There must be a period of time when the court may close all further investigation into, or allowance of, claims, when all claims upon the funds to be distributed must be deemed established, and when the court can refuse to permit claims to be altered or changed. If the court did not possess this power, great embarrassment and delay would

attend the closing up of insolvent corporations and estates. It is a power to be exercised in view of all the circumstances. These claimants are not death claimants (*Attorney-General* agt. *The Guardian Mutual Life Insurance Company*, 82 *N. Y.*, 336). All that they can claim is the value of their policies, estimated as of the date when the receiver was appointed, but in consequence of the death of the insured the actual values of their policies can be accurately determined. Here, after the sixteenth of June, the basis existed which made it possible for the claimants to prove accurately the values of their policies, and they could thus show them to be more valuable than they were estimated to be as running policies prior to that date."

The judge then proceeds to say; "Whether there should be a rehearing upon these claims upon the new proofs, which the claimants were able to give, rested in the discretion of the courts;" and that they do not ".mean to intimate any opinion that the application in this case ought to have been granted by the court in the exercise of its discretion," and they remand the application "to the special term to the end that it may exercise its discretion upon the application made."

It is impossible to read, it seems to me, the opinion of judge EARL without reaching the conclusion that precisely the same reasons which induced this court at special term to hold that, as matter of law, the policies should not be revalued, were present to his mind; and if the refusal to revalue had been put upon the ground of discretion, and not upon its illegality, the decision of the special term would not only not have been reversed, but its conclusion would have been heartily approved.

The arguments which controlled the special term are as forcible to-day against the exercise of the discretion to revalue as they were when this court refused such revaluation upon the ground that it was unlawful. A dividend had already been made upon these policies, which was ascertained and computed upon the facts as they existed on the day when

claims were required to be presented. If these policies are now revalued because a death has since occurred, and the actual duration of the insured life being known, the damages can be more accurately ascertained than when its continuance could only be estimated by probabilities, then in case of any other death which has occurred in the 23,000 lives insured the same course should be pursued. The result of this is obvious; no end could ever be reached until death had placed its final seal upon every life.

It was urged, upon the argument, that this court should only revalue the policies of those parties who asked to have them revalued, leaving all others similarly situated, and not applying for relief, without the increased dividend to which they would be entitled as well as the applicants. This suggestion cannot prevail with a court which owes to all persons the same justice. If it adopts a new principle in the valuation of policies, it should ascertain what persons are entitled to participate in its benefits, and place them upon a perfect equality. Especially should this be the rule when the receiver has, as he states to the court, informed numerous inquirers that the question which this motion involves was before the court for a decision, and if such decision was in favor of the applicants for a revaluation, they would be informed and allowed to re-present their claims.

It is, without any further elaboration, only necessary to state, in conclusion, that as the granting of these motions will create great delay in the closing of this trust, as well as perpetrate actual injustice, and as the date fixed for the valuation of the policies was a reasonable one, that the same must be denied because it would be an unwise exercise of judicial discretion.