Brady, J.
Where the insured is of advanced age, and his life is not insurable, as the contract of insurance in all probability will be soon consummated, and the whole amount of it become due, the value of a paid up policy would necessarily be larger than if the fife were normal, although the premiums paid must make an important factor in the estimate. This is particularly so when the insured is willing to continue the insurance and the company objects. He has two remedies then, as suggested in Speers v. Phoenix Life Ins. Co. (36 Hun, 322), one to compel the continuance of the contract and the other to recover a sum equal to the value of his policy, or in other words a sum which would make good to him the loss he sustains by the *274 breach. When the company is willing to continue the contract and the insured is not, but demands a paid up policy, the elements are different necessarily in some respects. The learned counsel for the insured, who is a legal if not an insurance expert in these cases, seems to have determined that the guide to ascertain the value is the same, but this cannot be.
When this case was here before the court, announced the principle which must control in ascertaining the value. Farley v. Union Mutual Life Ins. Co. (41 Hun, 303), and the learned justice in the court below cited and applied it. The amount of the paid up policy depended upon the testimony given to demonstrate its value and the findings on that subject.are in accord with the rule announced. There seems to be but little difference between the witnesses on either side in the testimony given under the rule to be observed, although there is on the appellant’s theory urged by his counsel.
Mr. McCall, who was examined on behalf of the appellants, when asked what was a fair and equitable paid up policy, to be given on the surrender of the original contract, said $3,500. He is an expert of great experience.and ability. The respondent’s witness put the amount at $3,570.
The subject is environed with possibilities and contingencies, and' the elements which present themselves for' consideration are mostly, if fiot entirely, theoretical. The result will doubtless always offer opportunities for review, and it may be that it will never, never be entirely satisfactory. This action, it must be remembered, is not to recover damages for a breach of the contract of insurance, as in Speer v. The Phoenix Mutual Life Insurance Co. supra, but to enforce a provision in the contract in relation to a, paid up policy, and is distinguishable from the Attorney-General v. Guardian Life Insurance Co., 82 N. Y., 336, for the reason that the company had failed, the insured was' dead, a receiver had been appointed, and the policies were in full force when the insured died. The proposition of the appellant’s counsel is that as an insurable life, the amount of the paid up policy should be for $10,000 less, the outstanding notes for $2,210, and the annual premium of $762 which would have become due in April, 1885 and 1886, making a total of $3,734. This would leave the balance $6,266 for which the policy should be given. Or, if the life be regarded as insurable, then it should be valued according to the principle established by the case of Speer v. The Phoenix Life Insurance Co. supra, by reference to the difference in premiums charged by a responsible company for the same policy, at the different ages of sixty and seventy, two, and as to which Mr. McCall had given his evidence,. *275 Neither of these views, however, are sustained by the former decision herein which .the learned counsel for the appellants thinks should be reconsidered, and which would be necessary to carry out" of his estimate of value. During the examination of .Mr. McCall, the learned justice presiding, asked the question, which was free from the insurance complications of the difference of cost of office premiums for the age of sixty to sixty-four, the value of an annuity, or an amount stated at the age of seventy-four and between the ages of sixty and seventy-two, and the question was : “It being understood that more than three annual premiums have been paid, what in your opinion would be the fair value in cash of this policy upon its surrender to the company ? and further, what in your opinion as a life insurance expert, would be the value of a paid up policy % And these related directly to tlie subject under investigation, the demand of the appellants for a paid up policy to which they were entitled, the contention being as the amount. We do not see any reason for interfering with the judgment which already suggested in accord with the principles heretofore and herein announced. We think the allowance justified by the facts and circumstances developed and the claims made.
The judgment must for these reasons be affirmed with costs.
Daniels, J., concurs".