(17 App. Div. 376.)

### PEOPLE v. COMMERCIAL ALLIANCE LIFE INS. CO.

### MILLER v. GILBERT.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

INSURANCE—INSOLVENCY—VALUE OF POLICY.

The value of a policy becomes fixed at the commencement of insolvency proceedings which result in a judgment of dissolution, and is not increased by the death of the insured after that time, and after the expiration of the period for which the last premium was paid.

Appeal from special term, New York county.

Claim of R. Stuart Miller, as guardian, against William T. Gilbert, as receiver of the Commercial Alliance Life Insurance Company. From an order overruling exceptions and confirming the report of a referee, claimant appeals. Affirmed.

Thomas Miller was insured in the Commercial Alliance Life Insurance Company under two policies for $5,000 each, known as "yearly renewable term policies," on which the premiums were payable bimonthly. The two policies were issued on July 25, 1890,—one in favor of Marion M. Miller, a daughter of the insured, and the other in favor of Helen Miller, also a daughter. The premiums on the policies were paid from time to time,—the last on October 1, 1894, being the premiums due on that day for two months in advance. On October 13, 1894, the said company having become insolvent, this action was begun to procure a judgment dissolving the corporation, and for the appointment of a receiver. An order was subsequently entered, on October 30, 1894, appointing a temporary receiver. On January 10, 1895, final judgment was entered dissolving the corporation and appointing a permanent receiver. Thereafter, and on January 15, 1895, Thomas Miller died. The claimant insisted before the referee that the value of the Miller policies should be based on the fact of the death of the insured, although the death occurred after the period for which premiums had been paid, and after the final dissolution of the corporation. The referee refused to compute the claim on this basis, and found

that "no rights could be subsequently acquired by any creditor of said company that would entitle him to a larger proportion of the assets of the company than he was entitled to at said date, and that, as a consequence, no claim based upon a death occurring after said date is valid as against said company or its assets; that the claims so made herein under said policies for losses alleged to have accrued thereunder, respectively, by reason of the death of said Thomas Miller, are invalid and should not be allowed; that the rights and interests of the holders of said policies, respectively, on the 13th day of October, 1894, consisted solely of an interest in the assets of said company to the extent of the value of said policies, respectively, at said date; that such value consisted of the value of the unexpired part of the insurance under said policies, arising from such payment of the premiums thereon, respectively, on the 1st day of October, 1894." The claimant filed exceptions to the report, which were overruled at special term, and now appeals from that part of the order affecting him.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Edgar J. Nathan, for appellant.
Henry D. Hotchkiss, for respondent.

O'BRIEN, J. The facts are not in dispute, and the questions of law are clearly presented by the learned referee in his opinion, as follows:

"(1) Is a death occurring after the expiration of the period for which the premium has been paid, and after the final dissolution of the corporation, a basis for a valid claim under a policy?" "(4) As of what date should claims against an insolvent company or its assets be valued and allowed?"

In an elaborate and able opinion the referee disposes, not only of these, but of many other conflicting claims; and, so far as the rights of the appellant here are affected, we might well affirm upon that opinion. Differently stated, the question is whether the status of claimants in the case of an insolvent insurance company is to be determined as of the date of insolvency, as fixed by the initiation of proceedings for its dissolution, or when the receiver is appointed, or final judgment of dissolution is entered, or whether claims against the company can be increased by the death of a policy holder, as in this case, subsequent to the final judgment of dissolution. We shall not attempt to reconcile the cases in the different jurisdictions, nor in our own, because there is undoubted conflict; but the whole trend of the decisions in jurisdictions outside of our own, and in England, favors the view that in the case of an insolvent insurance company the status of all claims is to be determined as of the date of the commencement of proceedings which subsequently result in the dissolution of the corporation. In some of the earlier cases in our own courts a different view seems to have been taken. Attorney General v. Guardian Mut. Life Ins. Co., 82 N. Y. 336. That case, however, has in subsequent decisions been explained and distinguished; and finally, in Re Equitable Reserve Fund Life Ass'n, 131 N. Y. 354, 30 N. E. 114, the court of appeals has brought the rule of law in this jurisdiction in accord with that prevailing in most of the others by deciding that:

"Holders of death claims must also have their status defined as of the date of the commencement of the proceedings. * * * Those certificate holders who died after that date have no claim upon the death fund, but their representatives share in the reserve fund, as already stated."

There is a distinction to be noticed in the difference between the policies involved in the two cases to which we have referred, but that in no way changes the principle which should be applied. As held in Dean's Appeal, 98 Pa. St. 101:

"The rights of creditors of an insolvent corporation become fixed by a decree of the court ordering the dissolution thereof. No rights can be subsequently acquired by a creditor which will entitle him to a larger participation in the assets of such insolvent corporation."

And in the course of the opinion therein it is said:

"The corporation is dead for every purpose. But one duty remains, and that is to distribute its assets among its creditors. * * * Who are the creditors entitled to participate in the distribution? Clearly, those who were such at the time of the dissolution of the corporation. * * * The distribution of the assets was an immediate duty on the part of the receiver. Its delay is due merely to the fact that time is necessary to realize them. If, therefore, distribution had been practicable immediately after the appointment of the receiver, the appellants would have received only a dividend upon the premium they had paid. Does the fact that the distribution was necessarily delayed change the rights of the parties, and introduce a new class of creditors, who were not creditors at the time of the dissolution? We find neither reason nor authority for such a proposition. * * * The object of this proceeding is a prompt distribution of the assets. The principle contended for by the appellants would, if successful, make this impossible, or at least intolerably inconvenient. If the rights of creditors are not fixed as of the date of the dissolution, when do they become fixed? If we take the distribution as the period, then the appellants would obtain an advantage over other policy holders who might sustain a loss the day after. The former would be paid, while the latter would get nothing. Such a rule could not be enforced without producing injustice, and we would be driven to delay distribution until all the policies had expired."

Although the reasoning above quoted had reference to a fire insurance company, it is equally forcible and cogent and applicable to an insolvent insurance company of whatever kind; for, in the absence of special clauses or conditions in special policies, the rule which finds most support in reason and authority is the one which holds that, as to insolvent corporations, the rights of creditors should be determined as of the date when insolvency proceedings are commenced which result in a final judgment of dissolution, because it is upon that date that the company loses its life and ability to exercise its functions, and is prevented from increasing its assets by the receipt of premiums, or decreasing them by the payment of claims, and its property is placed within the jurisdiction of the court for distribution, and all that remains is to collect and realize on such property with a view to its fair and just distribution among its creditors.

Our conclusion is that the exceptions should be overruled, and the judgment affirmed, with costs. All concur.